**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KENDALL JEVON JACKSON,

    Petitioner,

vs.                                    Case No.:    3:12-cv-388-J-34PDB
                                                                           3:10-cr-198-J-34PDB

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner Kendall Jevon Jackson's "Motion to Dismiss Indictment for Government's Outrageous Misconduct, or in the Alternative to Expand the COA." (Doc. 21, Motion to Dismiss Indictment).[1] Jackson initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1, Motion to Vacate). On June 24, 2014, the Court entered an order granting Jackson an evidentiary hearing, under 28 U.S.C. § 2255, with respect to Jackson's claim that trial counsel rendered ineffective assistance by failing to file a requested appeal. (Doc. 10, Order). The Court appointed counsel for Jackson, and the Honorable Patricia D. Barksdale, United States Magistrate Judge, conducted an evidentiary hearing on August 12, 2014. On October 2, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 16, Report and Recommendation), in which she recommended that the Court deny the Motion to Vacate. Neither Jackson nor the United States filed objections to the Report and Recommendation, and on October 29, 2014, the Court

---

[1]     Citations to the record of Jackson's criminal case file, United States of America vs. Kendall Jevon Jackson, 3:10-cr-198-J34-PDB, are denoted as "Crim. Doc. ____." Citations to Jackson's civil § 2255 case file, 3:12-cv-388-J34-PDB, are denoted as "Doc. ____."

1

adopted the Magistrate Judge's factual and legal conclusions following an independent review of the record. (Doc. 17, Order Adopting Report and Recommendation). As such, the Court denied the Motion to Vacate and declined to grant Jackson a certificate of appealability (COA) because he had not shown that reasonable jurists would find the Court's conclusions debatable or wrong. (Report and Recommendation at 39-40; see also Order Adopting Report and Recommendation, generally). Nevertheless, Jackson filed a notice of appeal on November 7, 2014, (Doc. 19, First Notice of Appeal), and the appeal was docketed as Case No. 14-15115-F. On March 18, 2015, the Eleventh Circuit denied Jackson a COA. (Doc. 28, USCA Order). Undeterred, on March 26, 2015, Jackson filed another notice of appeal "for reasons of Extreme Judicial Bias exhibited throughout the petitioner's case," though he did not provide any further specifics. (Doc. 29, Second Notice of Appeal).

On November 14, 2014, shortly after filing the First Notice of Appeal, Jackson filed the instant Motion to Dismiss Indictment, in which he argues, nearly four years after pleading guilty, that the indictment should be dismissed due to "outrageous government misconduct." Specifically, Jackson accuses two law enforcement officers of stealing $27,000 of drug purchase money that was seized during the undercover operation that resulted in Jackson's arrest. Motion to Dismiss Indictment at 2-3. Jackson has repeatedly raised this issue over the course of these proceedings, including at his plea colloquy (see Crim. Doc. 89, Plea Tr. at 31-34), his sentencing hearing (see Crim. Doc. 90, Sentencing Tr. at 6-8, 23-24), and again at his post-conviction evidentiary hearing (see Doc. 15, Evid. Hr'g Tr. at 7, 16-17, 20-21, 26-28, 49-51). Jackson asks the Court to "expand the record under Rule 7 of the rules governing [§] 2255 [cases]" to address the matter of the lost

money. Motion to Dismiss Indictment at 2. Jackson also appears to allege that post-conviction counsel rendered ineffective assistance by failing to file an appeal and by failing to file objections to the Magistrate Judge's Report and Recommendation. See id. at 1-2.

To the extent Jackson's motion seeks to dismiss the indictment, the motion is due to be denied because the Court lacks jurisdiction to entertain it. A motion to dismiss the indictment must be made before trial, see Fed. R. Crim. P. 12(b)(3), or at the latest, while the criminal case is still "pending" if the movant claims that the district court lacks jurisdiction, Fed. R. Crim. P. 12(b)(2). See also United States v. Clarke, 150 F. App'x 969, 970 (11th Cir. 2005) (per curiam). Jackson pled guilty and was sentenced almost four years prior to filing the instant Motion, and he did not appeal his conviction or sentence, so his criminal case is no longer "pending." As such, the Court has no power to dismiss the indictment under the Federal Rules of Criminal Procedure. Id.; see also United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (holding that district court properly denied Fed. R. Crim. P. 12(b) motion where criminal proceeding was no longer pending); United States v. Wolff, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam) ("After final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending.").[2] Because Jackson points to no source of authority that would empower the Court to grant his untimely "Motion to Dismiss Indictment," the Motion is due to be denied. See Clarke, 150 F. App'x at 970.

---

[2] Moreover, Jackson's Motion to Dismiss Indictment appears to simply raise another argument challenging his underlying conviction. Therefore, it might also be characterized as a second or successive motion to vacate, which he was not authorized to file pursuant to 28 U.S.C. § 2255(h). In that circumstance, the Court would still dismiss the motion for lack of jurisdiction. See In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive [§ 2255] motions is jurisdictional…") (citing Panetti v. Quarterman, 551 U.S. 930, 942 (2007)).

To the extent Jackson asks the Court to expand the COA, the Court reiterates that it declined to grant Jackson a COA. The Eleventh Circuit has also declined to grant a COA. (Doc. 28, USCA Order at 3). Thus, there is no COA to expand, and this request is moot.

Finally, to the extent Jackson alleges that post-conviction counsel rendered ineffective assistance by failing to object to the Report and Recommendation or by failing to appeal the Court's final order, Jackson does not identify the remedy he seeks. However, because Jackson filed this Motion within 28 days of the Court's Order resolving his claims, in an abundance of caution the Court has considered whether the instant Motion should be construed as one made under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.[3] See Fed. R. App. P. 4(a)(4). If Jackson's Motion is made pursuant to either Rule 59 or Rule 60, the Court retains jurisdiction to consider the merits notwithstanding the filing of his latest notice of appeal. Fed. R. App. P. 12.1(a), Advisory Committee Notes (2009); accord Fed. R. Civ. P. 62.1; see also Munoz v. United States, 451 F. App'x 818, 819-20 (11th Cir. 2011) (per curiam). Nevertheless, requesting relief on the ground of ineffective assistance of post-conviction counsel is a nonstarter. The constitutional right to counsel does not extend to collateral proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991). Indeed, the "Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of counsel in such proceedings." Chavez v. Sec'y, Florida Dep't of

---

[3] A district court should liberally construe a pro se litigant's motions. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Corr., 742 F.3d 940, 944 (11th Cir. 2014) (citing Coleman, 501 U.S. at 752). Thus, Jackson's effort to obtain relief on the ground that post-conviction counsel rendered ineffective assistance is unavailing.

Having reviewed Jackson's Motion to Dismiss Indictment, the government's Response (Doc. 23), and the record, the undersigned concludes that the Court lacks jurisdiction in part, and to the extent the Court has jurisdiction, the Motion is without merit. Accordingly, it is hereby

**ORDERED:**

1. Petitioner Kendall Jevon Jackson's Motion to Dismiss Indictment (Doc. 21) is **DENIED** to the extent he attacks the indictment, conviction, or sentence.

2. Jackson's Motion to Dismiss Indictment is further **DENIED** to the extent he seeks a COA, an expansion of the COA, relief from judgment in the civil § 2255 case due to the alleged ineffective assistance of post-conviction counsel, or any other relief.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Pro se party
Counsel of record

5